IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JESS ET AL,<br><br>　　　　Defendant. | No. C05-03964 MJJ<br><br>**ORDER RE DEFENDANT'S MOTION FOR LEAVE TO AMEND AND PLAINTIFF'S MOTION FOR ORDER OF DISMISSAL** |

**INTRODUCTION**

Before the Court are Defendant Jeffrey G. Locke's ("Locke") Motion For Leave To File Answer And Add Cross-Claim (Docket No. 77), and Plaintiff United States Of America's Motion For Order Of Dismissal (Docket No. 78.)

For the following reasons, the Court finds that it is appropriate to grant Defendant Jeffry G. Locke ("Locke")'s request for leave to amend to assert state law cross-claims against Cross-Defendants Paul C. Jess ("Jess") and Alice Anne Michel ("Michel"). However, the Court also finds that, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), it is appropriate to decline to exercise supplemental jurisdiction over the new state law cross-claims given that the sole federal claim, brought by Plaintiff United States of America ("the Government"), has been resolved by settlement. Accordingly, the Court **GRANTS** Locke's motion for leave to amend, **DISMISSES WITHOUT PREJUDICE** the cross-claims for lack of subject matter jurisdiction, and **GRANTS**

the Government's motion for an order dismissing its claim with prejudice and dismissing the action.

**FACTUAL BACKGROUND**

The Government filed this action seeking to reduce tax liabilities owed by Jess to judgment and to foreclose that judgment on real property that the Government alleged was owned by Jess and held by Michel. The Government named Locke as a defendant because he holds a separate judgment against Jess and could claim an interest in the property.

Prior to the hearing on the Government's summary judgment motion, the Government, Jess, and Michel reached settlement. The settlement did not resolve the claims of the remaining parties, including Locke and Defendant Sonoma County Treasurer-Tax Collector ("County"). Pursuant to the terms of the settlement, the United States agreed to dismiss its claim with prejudice.

Locke now seeks leave to amend to file cross-claims against Jess and Michel, asserting fraudulent conveyance of the real property from Jess to Michel and seeking sale of the property to satisfy Locke's judgment against Jess. The United States and Jess oppose Locke's motion. The United States also moves for an order dismissing the litigation, which is opposed by Locke. The County has filed statement of non-opposition to both motions.

**DISCUSSION**

**I. Locke's Motion For Leave To Amend.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course before a responsive pleading is served, after that the party may amend the pleading only by leave of court or by written consent of the adverse party. Additionally, Rule 15(a) instructs the Court that, "leave shall be freely granted when justice so requires." The Supreme Court has made it clear that courts are to carefully heed this mandate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether to grant leave to amend, the Court considers the following factors: (1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of

2

amendment. *Id.* Generally, the court engages in this analysis with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). While each of these factors is relevant to determining the propriety of leave to amend, the crucial factor is the resulting prejudice to the opposing party. *Howey v. Radio Corp. of Am.*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Though Locke's request for leave to amend comes at a late stage in this litigation – after all existing claims have been resolved by settlement, and after the deadline for dispositive motions set by pretrial order (Docket No. 25) – neither the Government nor Jess have identified any substantial prejudice that would result to them from permitting the amendment. Jess asserts, in conclusory fashion, that additional discovery necessitated by the cross-claims would result in prejudice, but does not identify the specific discovery that would be needed. Given the significant factual overlap that Locke's cross-claims have with both the Government's cause of action and affirmative defenses asserted by Locke since the inception of this action, the Court concludes that any need for additional discovery is limited, and any prejudice resulting from the need for additional discovery could be cured by appropriate adjustments to the pretrial schedule.

Jess has also failed to establish that Locke's cross-claims would be futile under the relevant statute of limitations.[1] Jess asserts that California Civil Code Section 3439.09 imposes a four-year limitations period upon causes of action brought under Sections 3939.04(a)(1), 3939.04(a)(2), or 3439.05. However, contrary to Jess's interpretation, the proposed cross-claims are not limited to seeking relief under Sections 3439.04(a) and 3439.05. Indeed, the proposed cross-claim references these statutory provisions as only one theory of relief undergirding one of the two asserted cross-claims. (*See* Proposed Answer and Counterclaim, Docket No. 77-4, at 5:22-24 & 7:11-14.) Among other things, Locke's cross-claims seek recovery for any and all monies advanced or paid by Jess to maintain, pay debt service, rehabilitate, pay taxes, or otherwise benefit the property, including

---

[1] At oral argument, the Court permitted the parties to submit supplemental letter briefs addressing this statute of limitations issue. *See* Docket Nos. 88 & 90. The Court has considered the arguments presented in those letter briefs.

3

payments made within the limitations period, whether four or seven years. (*Id.* at 4:28-5:6, 7:15-17.) On this record, Jess has failed to establish that the entirety of the cross-claims would be futile.[2]

Because the Court finds no substantial prejudice that would result from permitting the amendment, and because the Court finds that Jess has not established that the amendment would be futile, the Court **GRANTS** Locke's motion and allows amendment of Locke's answer to assert the new cross-claims against Jess and Michel.[3]

## II. Supplemental Jurisdiction Over The Cross-Claims.

This Court may decline to exercise supplemental jurisdiction where the Court has dismissed, as it has here, the claims on which its original jurisdiction was based. *See* 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state law claims." *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996).

The Court concludes that the circumstances warrant declining to exercise supplemental jurisdiction over Locke's new state law cross-claims given that the Government's federal law claim, upon which the Court original jurisdiction was based, has been resolved. Locke's cross-claim raises complex issues of state law – including complex issues of the application of state law statutes of limitation. Moreover, factors of judicial economy do not support retaining supplemental jurisdiction over the cross-claims. Locke's fraudulent conveyance claim, based on a judgment that Locke holds that is entirely unrelated to the tax liability asserted by the United States, appears to raise new legal issues that were not at issue as a result of the Government's "nominee" and "alter ego" assertions in this case. Locke has also conceded, as he must, that he has already attempted to and will be able to

---

[2] Locke asserts that a seven-year statute of limitations applies to at least some portions of his cross-claims. Although there is no dispute that seven years have passed since the alleged conveyance of the real property, Locke asserts that under relation-back principles he is entitled to the Government's 2005 filing date for this action. Jess and the Government have not addressed this specific issue in their papers, and the Court makes no finding as to whether Locke is entitled to the Government's filing date under relation-back principles.

[3] The other arguments raised by Jess in opposition to Locke's motion to amend – that the cross-claims will create a duplication of actions or that they may not satisfy jurisdictional prerequisites – are rendered moot by the Court's decision, set forth in Section II below, not to retain supplemental jurisdiction over the cross-claims.

4

1 pursue his interests in already-pending proceedings in the Bankruptcy Court.[4]

2 Moreover, the Court is not persuaded that it should retain supplemental jurisdiction over the
3 cross-claims because of the stipulation reached between Locke and Jess in the Bankruptcy Court
4 proceedings. Based on the record before this Court, the stipulation was entered into at a time that
5 only the Government's claim was pending in this action. Moreover, the stipulation appears to have
6 stayed proceedings in the Bankruptcy Court until the conclusion of this litigation merely to avoid the
7 risk of any inconsistent judgment, given that a resolution on the merits of the Government's claim
8 might have resolved some of the issues then before the Bankruptcy Court. Contrary to Locke's
9 assertion, the terms of the stipulation do not appear to contemplate that Locke and Jess would
10 necessarily resolve their dispute in this action, nor do they contemplate that Locke would pursue a
11 new cross-claim in this matter.

12 Accordingly, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline to
13 maintain supplemental jurisdiction over Locke's newly-pleaded cross-claims, and **DISMISSES**
14 **WITHOUT PREJUDICE** Locke's cross-claims.

## III. The Government's Motion For An Order Of Dismissal.

16 "In this circuit, as elsewhere, a district court should grant a motion for voluntary dismissal
17 unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v.*
18 *Financial Corp. of America*, 828 F.2d 579, 583 (9th Cir. 1987). Locke has not identified any legal
19 prejudice that he would suffer as a result of granting the Government's motion for an order
20 dismissing this matter. As discussed above, Locke will be able to assert his interests in the
21 Bankruptcy Court proceedings that were stayed pending the resolution of this matter. The mere
22 prospect of a separate lawsuit does not constitute legal prejudice sufficient to prevent dismissal
23 under Rule 41(a)(2). *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.
24 1982).

25 ///
26 ///

---

[4] Contrary to Locke's interpretation of 26 U.S.C. § 7403(c), the Court does not read this statute to require the Court to "determine the merits of all claims to and liens upon the property" where the United States has voluntarily dismissed its own claim before adjudication on the merits.

5

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Locke's motion for leave to amend, **DISMISSES WITHOUT PREJUDICE** the cross-claims for lack of subject matter jurisdiction, and **GRANTS** the Government's motion for an order dismissing the Government's claim with prejudice and dismissing the action. Within five (5) days of entry of this Order, the Government shall submit a revised version of its stipulation for entry of judgment and proposed judgment (Docket No. 73) that is consistent with this Order and that reflects the Court's dismissal without prejudice of Locke's cross-claims.

**IT IS SO ORDERED.**

Dated: February 19, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE